

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00404-CR

Ricardo Isaac **ALONSO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR0409
Benjamin Robertson, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                H. Todd McCray, Justice

Delivered and Filed: April 15, 2026

AFFIRMED

Ricardo Isaac Alonso appeals from his conviction for the offense of deadly conduct, a Class

A misdemeanor. *See* TEX. PENAL CODE § 22.05(a),(e). We affirm.

### BACKGROUND

Because this is a memorandum opinion and the parties are familiar with the facts, we do

not recite them except as necessary to advise the parties of our decision and the basic reasons for

it. *See* TEX. R. APP. P. 47.4.

On January 14, 2021, Alonso was indicted for the offense of aggravated assault with a deadly weapon alleged to have been committed on or about September 28, 2019. The charges arose from an incident in which Alonso, while fleeing from law enforcement officers, collided with the complainant's vehicle, causing her injuries. Alonso pled not guilty. On June 4, 2025, a jury found Alonso guilty of the lesser included offense of deadly conduct. Punishment was assessed at a $4,000 fine and one year in jail. Alonso's sentence was suspended and he was placed on community supervision for two years. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Alonso contends the evidence is legally insufficient to support his conviction. Specifically, he contends the State failed to prove he caused the collision, asserting there was evidence the complainant turned her vehicle toward him with her bright headlights on.

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial." *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). "The jury is not, however, allowed to draw conclusions based on speculation." *Id*. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences,

a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson*, 443 U.S. at 326; *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

A person commits deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. TEX. PENAL CODE § 22.05(a). An offense under subsection (a) is a Class A misdemeanor. *Id*. § 22.05(e).

The jury heard testimony that Alonso was actively evading law enforcement at the time of the collision. Michael Villar, an investigator with the Bexar County Sheriff's Office, testified that Alonso was asleep inside his vehicle, which was parked in the middle of the roadway. Villar attempted to wake Alonso by banging on the window and when Alonso awoke, he immediately accelerated and fled, heading in the wrong direction. Villar returned to his patrol vehicle and pursued Alonso for a couple of minutes before Alonso struck the complainant's car. Villar further testified that Alonso was driving in the middle of the eastbound and westbound lanes and swerved into oncoming traffic when his vehicle collided with the complainant's vehicle. Traffic was "heavy" at the time because it was the early morning "rush hour." Before colliding with the complainant's vehicle, Alonso almost hit two other vehicles on the road.

The complainant testified that she was driving to work when she observed police lights and sirens and pulled to the side of the road. She realized the police were pursuing Alonso and that his vehicle was about to strike her driver's side door. In an effort to protect herself, she moved her vehicle so that the hood rather than the driver's door would absorb the impact. Alonso's vehicle struck her car, crushing the door and pinning her leg. She freed herself and exited through the passenger side door. The complainant suffered serious injuries, including cuts, severe bruising, and a concussion resulting in a diagnosis of traumatic brain injury.

Alonso testified in his own defense, stating that before he hit the complainant's car, he "just remember[ed] everything being lit up. I couldn't see in front of me." He added that it was "like high beams were being shone on me." He further denied that the officer knocked on his car window or tried to pull him over. According to Alonso, basically everything the officer told the jury was a lie.

On appeal, Alonso maintains the evidence is insufficient to support the jury's verdict because any rational jury would have had to speculate about who caused the collision. He contends the State proved through its case-in-chief that the complainant caused the accident because she turned her car and its bright lights into the path of Alonso's car. However, the jury was the sole judge of witnesses' credibility and the weight to be given their testimony. *See Garcia*, 367 S.W.3d at 687. And, it was the jury's duty to resolve any conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Clayton*, 235 S.W.3d at 778. Thus, the jury was free to disbelieve Alonso's testimony that he collided with the complainant's car because he was blinded by another vehicle's high beams. *See id*. at 779. Additionally, the jury was free to credit the officer's testimony that Alonso accelerated and fled and drove into oncoming traffic. *See id*. Based upon the combined and cumulative force of all the evidence and the reasonable inferences drawn therefrom, a rational jury could have found, beyond a reasonable doubt, that Alonso recklessly engaged in conduct that placed another in imminent danger of serious bodily injury.

## CONCLUSION

We conclude the evidence is sufficient to support Alonso's conviction. The judgment is affirmed.

Adrian A. Spears II, Justice

DO NOT PUBLISH